450 So.2d 47 (1984)
STATE of Louisiana, Appellee,
v.
Alva L. WHITTINGTON, Appellant.
No. CR83-802.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
Robert L. Kennedy, Thomas G. Wilson, Colfax, for appellant.
Joseph P. Beck, II, Dist. Atty., Greg N. Wampler, Asst. Dist. Atty., Colfax, for appellee.
Before FORET, LABORDE and YELVERTON, JJ.
FORET, Judge.
Defendant, Alva L. Whittington, was convicted by a six-person jury of simple burglary, a violation of LSA-R.S. 14:62. Subsequently, he was sentenced to serve five years at hard labor. He now appeals, urging one assignment of error:
"The trial court erred in allowing the defendant to be convicted upon a confession or inculpatory statement given by the defendant, which was introduced at trial without any proof that a crime had been committed by someone, that is, without proof of the corpus delicti."

FACTS
On October 8, 1982, defendant was arrested by the city police in Ruston, Louisiana, and charged with theft[1]. After a search of the defendant's vehicle revealed band instruments which were marked "Grant Parish", the Ruston police contacted the Grant Parish Sheriff's Department. Two deputies were sent to Ruston to investigate.
Upon arriving at the Ruston police station, the two deputies advised defendant of *48 his Miranda rights. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant then told the deputies that he had taken the instruments from the Prospect Church in Grant Parish. He was then arrested and charged with simple burglary.
After the conviction, defendant moved for a post-verdict judgment of acquittal pursuant to LSA-C.Cr.P. Article 821. From a denial of that motion, defendant perfected this appeal.

ASSIGNMENT OF ERROR
By this assignment, defendant contends that the trial court erred in allowing his conviction to stand where the conviction rested solely upon his confession, without any proof of the corpus delicti. We agree.
It is well settled that an accused party cannot be legally convicted on his own uncorroborated confession, without proof that a crime has been committed; that is, without proof of the corpus delicti. State v. Willie, 410 So.2d 1019 (La.1982).
The record shows that the State introduced two witnesses in an attempt to establish the corpus delicti. The first was the Reverend Bobby Joiner, the minister of the church. Reverend Joiner testified that the church was entered into and items were taken, but based his testimony entirely on what was told to him by his son, who was working at the church while studying for the ministry. Reverend Joiner conducted no independent investigation on his own, and in fact, was in the hospital at the time of the alleged burglary.
The second witness called by the State was Deputy Adrian Lamkin, who investigated the crime for the Grant Parish Sheriff's Department. The deputy testified that the Reverend's son told him that certain items were missing from the church. The deputy therefore concluded that a burglary had been committed.
On both occasions, when it became apparent that the two State witnesses' testimony was not based on personal knowledge, defendant's counsel objected on the grounds that their testimony was hearsay. Nevertheless, the trial court allowed the testimony into evidence.
We find that the testimony of both the Reverend and the deputy was hearsay because the statement made by the son was introduced for the truth of the matter asserted, namely, the fact that certain items were stolen from the church. Thus, the veracity of the statements rested on the credibility of the son, a third person not called to testify.
Mere hearsay is insufficient to establish proof of the corpus delicti. State v. Brown, 236 La. 562, 108 So.2d 233 (1959). Since the testimony of both the Reverend and the deputy was based on hearsay, the State did not prove that a crime had been committed. Therefore, the confession, standing alone, is insufficient to sustain this conviction.
For the aforementioned reasons, the decision of the trial court denying the defendant's post-verdict judgment of acquittal was in error. Defendant's conviction and sentence are hereby reversed, and a judgment of acquittal is ordered, dismissing the charge against defendant.
REVERSED.
NOTES
[1] This charge of theft was totally unrelated to the case at bar.